# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENESSEE
## WINCHESTER DIVISION

| | | |
|---|---|---|
| GARY CLEMENTS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| TYSON FARMS, INC. | ) | JURY DEMAND |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is a case alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 and the Tennessee Human Rights Act, Tennessee Code 4-21-101 et seq.

2. Plaintiff is entitled to backpay as well as liquidated damages, compensatory damages, attorneys' fees and costs, and appropriate injunctive and equitable relief, including reinstatement to the position he would have held in the absence of discrimination. Through supplemental jurisdiction, the Court's jurisdiction extends over the related state law claims in violation of the Tennessee Human Rights Act T.C.A. § 4-21-101 et seq. which protects individuals who are age forty and older from employment discrimination

1

based on age.

## II. JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 200242 U.S.C. § 12117, 42 U.S.C. § 12133. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA. Plaintiff timely filed his charge of discrimination on December 19, 2023, which was within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his Complaint within ninety (90) days of the receipt of his Notice of Right to Sue issued by the EEOC on June 28, 2024.

## III. PARTIES

5. The Plaintiff, Gary Clements, ("Plaintiff") is a seventy-five (75) year old citizen of the United States and a resident of the State of Tennessee.

6. The Defendant, Tyson Farms, Inc. ("Defendant") is an entity subject to suit under the ADEA and the Tennessee Human Rights Act prohibiting age discrimination.

7. At all times relevant to the events set forth herein, Defendant has employed

fifteen (15) or more employees.

8.  The acts by Defendant at issue in this complaint were authorized, ordered, or done by Defendant's officers, agents, employees, or representatives while they were actively engaged in the management of Defendant's business.

## IV.  STATEMENT OF FACTS

9.  Plaintiff is a seventy-five (75) year old man who started working for Defendant on April 29, 2013, at its Estill Springs Feed Mill as a truck Dispatcher for the day shift, which ran from 7:00 a.m. to 3:00 p.m.

10.  Defendant is one of the world's largest food companies, employing over one hundred thousand employees, including many truck drivers that dispatchers such as Plaintiff supervised.

11.  Plaintiff performed his job well and was never disciplined during his decade of employment with Defendant.

12.  Around 2019, Plaintiff became the second shift dispatcher working from 3:00 p.m. to 11:00 p.m.

13.  Plaintiff worked about fifty hours a week.

14.  On October 6, 2023, the Feed Mill Manager, Roger Wood, who is in his mid-forties, told Plaintiff that he was terminated allegedly due to lack of work.

15.  Plaintiff was the oldest dispatcher and oldest employee working for Defendant

3

at that location when Defendant terminated him.

16. Plaintiff was one of three dispatchers at the time he was fired, and as stated above, he worked the second shift.

17. Laura Cupp, a twenty-eight-year-old woman, was the first shift dispatcher. Cupp had only recently been hired in April 2023.

18. Justin Holt, a man in his early thirties, worked the third shift dispatcher job.

19. After Plaintiff's termination, his job continued to be filled every day by other employees until Jonathan Whitman, a man in his forties who had been working for Defendant as a truck driver, permanently moved into Plaintiff's job around December 15, 2023.

20. According to documents Defendant provided to the EEOC, Whitman was placed in the position of Supervisor Feed Mill – Second Shift – Shelbyville Tennessee, reporting directly to Roger Wood II, Feed Mill Manager.

21. Although Whitman had been given a supervisor title, Whitman had the same duties that Plaintiff had held: dispatching drivers.

22. Like Whitman, Plaintiff had also reported directly to Roger Wood. Whitman took over Plaintiff's dispatcher duties and responsibilities, Whitman was paid about the same as Plaintiff, and Plaintiff was qualified to hold the title of "supervisor" as he was doing the same thing that Whitman did.

4

23. Whitman does not work weekends, and currently another younger man named Jeremy Adams is dispatching on the weekends, a duty Plaintiff had also performed in addition to working weekdays.

24. When Defendant terminated Plaintiff, Defendant promptly filled a Feed Maker/Batch Operator job with a significantly younger man named Jake Rood, who is in his early twenties.

25. Plaintiff was well qualified for that Feed Maker/Batch Operator job that Defendant filled with Rood and could have been moved into that job as opposed to being terminated.

26. Defendant failed to post that Feed Maker/Batch Operator position, thus prohibiting Plaintiff from applying for that job, allowing Defendant to place Rood into it.

27. Mill Manager Roger Wood offered Plaintiff the opportunity to work as an Ingredient Receiver Loader Operator only because Wood knew Plaintiff could not work in that job, as that job required the employee to essentially work in a dust storm.

28. The Ingredient Receiver Loader Operator job description states that the employee would endure heavy exposure to ingredient dust, and Wood knew Plaintiff could not do that job because he knew Plaintiff had asthma and was

5

being treated by a pulmonologist.

29. Manager Wood has made derogatory comments about Plaintiff's age and his concerns with Plaintiff continuing to work at the plant because of issues related to his older age.

30. Defendant's articulated reason for terminating Plaintiff, including the alleged lack of work reason, is not legitimate and is a pretext for age discrimination.

31. Plaintiff has suffered lost wages and emotional damages as a result the adverse employment actions Defendant took against Plaintiff.

## V. CAUSES OF ACTION

### COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND THE THRA – ADVERSE EMPLOYMENT ACTIONS UP TO AND INCLUDING WRONGFUL TERMINATION

32. Plaintiff brings this count pursuant to the ADEA and the THRA.

33. Plaintiff is over 40 years old.

34. Defendant discriminated against Plaintiff because of his age by engaging in the adverse employment actions detailed in this Complaint, up to and including Plaintiff's termination.

35. Defendant replaced Plaintiff with a significantly younger person.

36. Defendant placed a significantly younger person into a vacant position Plaintiff could have filled instead of terminating his employment.

6

37. Defendant failed to post that position it filled with the younger person, thus prohibiting Plaintiff from having the opportunity to apply for that job.

38. But for Plaintiff's age, Defendant would not have terminated Plaintiff's employment.

39. Defendant has failed to articulate a legitimate nondiscriminatory reason for terminating Plaintiff. In the alternative, to the extent Defendant has articulated a legitimate nondiscriminatory reason, that reason if pretext for unlawful discrimination.

40. Defendant engaged in the practices complained of herein willfully.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendant, are violative of Plaintiff's rights as secured by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 et seq. and the Tennessee Human Rights Act, Tennessee Code 4-21-101 et seq.

2. Grant Plaintiff reinstatement into the position he would have had at the

7

appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendants, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Award Plaintiff damages including back pay plus interest, front pay if proper reinstatement is not possible, post judgment interest, nominal damages, liquidated damages, and, pursuant to his claims under the Tennessee Human Rights Act, emotional damages for humiliation and embarrassment.

4. Award Plaintiff reasonable costs, attorney's fees, and expenses.

5. Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Dated: August 15th, 2024

Respectfully submitted,

/s/ Daniel Arciniegas
Arciniegas Law PLLC
256 Seaboard Lane
Suite E-105
Franklin, TN 37067
629-777-5339

8

Jon C. Goldfarb (*pro hac vice* pending)
L. William Smith (*pro hac vice* pending)
Christina M. Malmat (*pro hac vice* pending)
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Counsel for Plaintiff

9